IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronnie J. Vanzant, *a/k/a* Ronnie Joe Vanzant, | ) Case No. 8:14-cv-03725-RBH-JDA<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **REPORT AND RECOMMENDATION**<br>) **OF MAGISTRATE JUDGE** |
| Carolina Center for Occupational Health;<br>Dr. Berry Weissglass[1]; CCOH Malpractice<br>Insurance Company; City of Charleston;<br>Sheriff Al Cannon; Charleston County<br>Detention Center; Dr. Theodolph H.<br>Jacobs[2]; PA Ms. Huffman[3]; and Ms.<br>Michelle Page, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on a motion to dismiss filed by Defendants

Charleston County Detention Center ("CCDC") and City of Charleston ("the City") [Doc. 12];

a motion to dismiss filed by Defendants Carolina Center for Occupational Health ("CCOH")

and CCOH Malpractice Insurance Company ("the Insurance Company") [Doc. 20]; a motion

for summary judgment filed by Plaintiff [Doc. 26]; a motion to dismiss filed by Defendants

PA Ms. Huffman ("Huffman"), Dr. Theodolph H. Jacobs ("Jacobs"), and Ms. Michelle Page

("Page") [Doc. 32]; a motion to dismiss or, in the alternative, for summary judgment filed

by Defendant Barry Weissglass ("Weissglass") [Doc. 60]; and a motion for summary

judgment filed by Defendants Sheriff Al Cannon ("Cannon"), CCDC, and the City [Doc. 65].

---

[1]Although Plaintiff includes "Berry Weisglass" in this action; this Defendant signed his affidavit as Barry Weissglass.

[2]Plaintiff misidentified Dr. Theodolph Jacobs as "Jacob." [Doc. 32 at 1.]

[3]Plaintiff misidentified PA Ms. Huffman as "Hoffman." [Doc. 32 at 1.]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on September 14, 2014,[4] against CCOH, Weissglass, the Insurance Company, the City, Cannon, CCDC, Jacobs, Huffman, and Page, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[5]  [Doc. 1.]  CCDC and the City filed a motion to dismiss or, in the alternative, to stay on November 26, 2014.  [Doc. 12.]  Plaintiff filed a response in opposition to the motion on February 10,

_____

[4]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing ate in the light most favorable to Plaintiff, this action was filed on September 14, 2014. [Doc. 1 at 7 (Complaint dated September 14, 2014).]

[5]Plaintiff's Complaint lists the Americans with Disabilities Act ("ADA") as a federal law that Defendants violated.  [Doc. 1 at 4.]  However, he does not identify any specific provision of the ADA that was allegedly violated, nor does he otherwise allege how any Defendant's conduct violated the ADA.  To the extent Plaintiff has alleged a claim under the ADA, such claim should be denied.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  In part, a plaintiff seeking relief under the ADA must present sufficient evidence to establish that he has a disability.  *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005) (citations omitted).  Here, Plaintiff has failed to allege facts to support a finding that he is disabled or that any alleged disability played a role in his treatment; therefore, he has failed to state a claim pursuant to the ADA and any such claim should be dismissed.
    Additionally, Plaintiff's Complaint lists the Patient Protection and Affordable Care Act ("PPACA") as a federal law that Defendants violated.  [Doc. 1 at 4.]  However, he again does not identify any specific provision of the PPACA that was allegedly violated, nor does he otherwise allege how any Defendant's conduct violated the PPACA.  Although Plaintiff is proceeding pro se and, thus, his pleadings are entitled to liberal construction as discussed below, "it is not the court's responsibility or obligation to scour the numerous provisions of the PPACA to divine a violation."  *Whitney v. Jones*, No. 5:13-cv-347-RS-EMT, 2014 WL 4538063, at *6 (N.D. Fla. Sept. 11, 2014).  Accordingly, any claim under the PPACA should be dismissed for failure to state a claim.

2015. [Doc. 50.] On December 5, 2014, CCOH and the Insurance Company filed a motion to dismiss. [Doc. 20.] Plaintiff filed a response in opposition to the motion on February 10, 2015 [Doc. 50], and CCOH and the Insurance Company filed a reply on February 20, 2015 [Doc. 52]. Plaintiff filed a motion for summary judgment as to Huffman, Jacobs, and Page on December 29, 2014. [Doc. 26.] Huffman, Jacobs, and Page filed a response in opposition to the motion on January 5, 2015. [Doc. 37.] On March 2, 2015, Weissglass filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 60.] Plaintiff filed a response in opposition to the motion on March 23, 2015 [Doc. 68], and Weissglass filed a reply on April 2, 2015 [Doc. 72]. Cannon, CCDC, and the City filed a motion for summary judgment on March 6, 2015. [Doc. 65.] Plaintiff filed responses in opposition to the motion on March 23, 2015 and April 27, 2015 [Docs. 79, 83] and additional attachments to his response on March 27, 2015 [Doc. 71], and Cannon, CCDC, and the City filed a response in support of the motion on March 27, 2015 [Doc. 70]. Accordingly, the motions are ripe for review.

## BACKGROUND[6]

Plaintiff, who was a pretrial detainee at CCDC at all times relevant to the allegations in the Complaint,[7] alleges that one week prior to his incarceration he was injured in a work-related accident near the end of February 2014. [*Id.* at 5–7.] He alleges that due to the accident, his left knee, lower back, and neck were injured, and he was taken in an ambulance to a hospital where he was X-rayed and given pain medicine. [*Id.*] He further

---

[6]The facts included in this Background section are taken directly from Plaintiff's Complaint.

[7]Plaintiff was recently released from CCDC. [Doc. 94 (notice of change of address).]

3

alleges he has been in pain since his arrival at CCDC, and although he complained of his pain to the officials at the detention center, it took them two months to schedule an MRI for his left knee.  [*Id.*]  Huffman placed the "MRI request . . . for approval by the provider" for Plaintiff's left knee, and Plaintiff had the MRI on May 22, 2014.  [*Id.* at 5.]  The MRI showed an "undersurface tear of the posterior portion of the medial meniscus of the left knee."  [*Id.* at 6.]  Plaintiff contends he was called to the medical department where Huffman and Page explained to him that Jacobs had seen the MRI results and understood that Plaintiff needed surgery to repair his knee and relieve the knee pain.  [*Id.*]  However, according to Huffman and Page, "the providers (CCOH) and (SACDC) are not going to not only allow the surgery, but pay for such surgery."  [*Id.*]  Plaintiff then wrote a letter to Weissglass and Cannon requesting permission for the knee surgery and for someone to pay for it; he has not received a response.  [*Id.*]  Plaintiff alleges that "[e]ach Defendant is involved because they housed, incarcerated, and detained plaintiff and thus subjected their selves (sic) as the medical provider and payor (insurance company) to the plaintiff."  [*Id.*]

Based on these facts, Plaintiff alleges that Defendants have violated the Constitution by their deliberate indifference to his serious medical needs, the ADA, and the PPACA.  [*Id.* at 2, 4–6.]  He seeks a jury trial, an order that Defendants be required to provide and pay for Plaintiff's left knee surgery and for treatment for his back and neck injuries, and punitive and monetary damages.  [*Id.* at 7.]

## APPLICABLE LAW

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all the
allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright
& Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he
pleading must contain something more . . . than a bare averment that the pleader wants
compensation and is entitled to it or a statement of facts that merely creates a suspicion
that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than
a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at
556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the
pleader must plead sufficient facts to show he is entitled to relief, not merely facts
consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ.
P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility
and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly,
the plausibility standard requires a plaintiff to articulate facts that, when accepted as true,
demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is
entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*,
556 U.S. at 678). If on a motion pursuant to Rule 12(b)(6), matters outside the pleading

are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must

demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

### **Claims for Injunctive and/or Declaratory Relief are Moot**

As an initial matter, as discussed above, because Plaintiff is no longer incarcerated at CCDC, his claims are moot to the extent he is seeking injunctive and/or declaratory relief. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (holding

former detainee's request for injunctive relief was moot).  Plaintiff's claims for monetary

damages, however, survive his transfer from CCDC.  *Id.*

**Motion to Dismiss Filed by CCDC and the City**

CCDC and the City argue CCDC should be dismissed because it is not a legal entity

capable of suing or being sued and the City should be dismissed because no allegations

have been made against it.  [Doc. 12.]  The Court agrees these Defendants should be

dismissed.

It is well settled that only "persons" may act under color of state law, and, therefore,

a defendant in a § 1983 action must qualify as a "person."  Inanimate objects such as

buildings, facilities, and grounds cannot act under color of state law.  *See Nelson v.*

*Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26,

2011) (finding that a building, detention center, is not amenable to suit under § 1983);

*Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under

§ 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Here,

CCDC is a group of buildings or a facility.  Thus, CCDC is not considered a person subject

to suit under § 1983, and, therefore, should be dismissed.

Moreover, Plaintiff has failed to allege any facts that would amount to a claim against

the City.  The only reference to the City, other than to list it as a defendant, is that "[P]laintiff

was arrested by the Defendant, the City of Charleston."  [Doc. 1 at 5.] However, as stated,

Plaintiff's Complaint alleges deliberate indifference to medical needs after he was housed

at CCDC and does not allege a cause of action related to Plaintiff's arrest by the City.[8]  As

---

[8]In his response in opposition to the motion to dismiss filed by CCDC and the City,
Plaintiff alleges "the City and County of Charleston are also responsible and liable for

11

such, Plaintiff has failed to state a claim against the City, and the City should be dismissed from this action.  Therefore, the motion to dismiss filed by CCDC and the City should be granted.

**Motion to Dismiss Filed by CCOH and the Insurance Company**

CCOH and the Insurance Company argue they are not persons amenable to a § 1983 cause of action and, to the extent Plaintiff alleges CCOH and the Insurance Company committed medical malpractice, Plaintiff failed to comply with statutory law governing professional negligence actions.[9] [Doc. 20.] The Court agrees these Defendants should be dismissed.

As a South Carolina limited liability company [Doc. 60-2 ¶ 3], CCOH does not qualify as a "person" who may be held liable under § 1983.  Courts in this district have held that "[CCOH], a South Carolina corporation located in North Charleston, South Carolina whose medical staff provides health care services to businesses, institutions, and individuals is not a 'person' subject to suit under 42 U.S.C. § 1983." *Vinson v. Cannon*, C.A. No. 2:10-3214-

---

[P]laintiff[']s conditions of confinement."  [Doc. 50 at 3.]  The County of Charleston, however, is not a defendant in this action.  Moreover, the City does not operate CCDC; as a result, liability under § 1983 may not be imposed upon the City for actions of other governmental agencies and/or their contractors. *See Fleming v. Greenville Cnty., S.C.*, Civil Action No. 6:13-3375-MGL-JDA, 2014 WL 346524, at *4 (D.S.C. Jan. 24, 2014) (citing *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007)).

[9]To the extent Plaintiff alleges a claim of medical malpractice, such claim is not actionable under § 1983. *Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Moreover, to the extent Plaintiff is attempting to set forth a state law claim for medical malpractice, Plaintiff has failed to proffer expert testimony that Defendants deviated from the standard of care. *See* S.C. Code Ann. § 15-36-100.  Accordingly, any claim of medical malpractice should be dismissed as to all Defendants.

HFF-BHH, 2011 WL 1624962, at *6 (D.S.C. Mar. 28, 2011), *Report and Recommendation adopted by* 2011 WL 1627953 (D.S.C. Apr. 28, 2011); *see also Payne v. CCOH*, Civil Action No. 6:12-1929-DCN-KFM, 2012 WL 6801387, at *4–6 (D.S.C. Nov. 28, 2012), *Report and Recommendation adopted by* 2013 WL 81055 (D.S.C. Jan. 7, 2013). Similarly, the Insurance Company is not a "person" subject to suit under § 1983.[10] Accordingly, CCOH and the Insurance Company should be dismissed from this action, and their motion to dismiss should be granted.

**Motion to Dismiss or, in the Alternative, for Summary Judgment Filed by Weissglass**

Weissglass argues he is not a "person" amenable to suit under § 1983; any claim against him in his official capacity is barred pursuant to Eleventh Amendment Immunity; there is no evidence he had any personal involvement; there is no evidence he was deliberately indifferent to Plaintiff's serious medical needs; there is no respondeat superior or supervisory liability as to Weissglass; he is entitled to qualified immunity; Plaintiff failed to exhaust his administrative remedies; and Plaintiff failed to comply with statutory pre-suit filing requirements. [Doc. 60.] The Court agrees Weissglass is entitled to summary judgment.

Because at all relevant times Plaintiff was a pretrial detainee, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Unlike convicted inmates, pretrial detainees have not been adjudicated guilty of a crime and may not be subjected to any

---

[10]Additionally, other than to be named as a defendant in the action, the Complaint does not reference the Insurance Company.

form of "punishment." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). In any event, "[t]he due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin*, 849 F.2d at 870.

Deliberate indifference to a prisoner's serious[11] medical needs violates the Eighth Amendment and states a cause of action under § 1983 because deliberate indifference constitutes "the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104–05 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (citation omitted)). Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights. *Miltier*, 896 F.2d at 851.

To prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one and (2) subjectively, the prison officials

---

[11]"A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990) (citing *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987); *Hendrix v. Faulkner*, 525 F. Supp. 435, 454 (N.D. Ind. 1981)).

acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials. *Goodman v. Wexford Health Sources, Inc.*, 425 F. App'x 202, 204 (4th Cir. 2011) (quoting *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998)). As the United States Supreme Court has explained,

> Since, we said, only the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. "It is *only* such indifference" that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (emphasis and alteration in original) (citations omitted). Further, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir.1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g.*, *Russell*, 528 F.2d at 319.

Moreover, because there is no doctrine of respondeat superior in § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory

actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted); *see also Jones v. Corr. Care Solutions*, No. 0:09-cv-269, 2010 WL 2639788, at *2 (D.S.C. June 7, 2010) (noting that, under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), supervisory liability may no longer be a viable § 1983 claim).

Here, Plaintiff does not allege personal involvement by Weissglass in Plaintiff's medical care. The Complaint does not allege that Weissglass treated Plaintiff, but instead alleges that, after Plaintiff was informed that he would not have knee surgery, Plaintiff wrote a letter to Weissglass and requested that Plaintiff be allowed to have the knee surgery and that it be paid for by CCOH and/or CCDC. [Doc. 1 at 6.] Plaintiff contends he never received a response to his letter. [*Id.*] In his response in opposition to Weisglass's motion, Plaintiff maintains that he wrote two letters to Weissglass and, therefore, Weissglass was aware of Plaintiff's medical needs. [Docs. 68 at 3–4 ¶¶ 4–5; 68-1.] Weissglass has submitted an affidavit, in which he avers that he is Medical Director at CCOH, which contracts with Charleston County to provide medical services at CCDC. [Doc. 60-2 ¶¶ 3, 5.] Weissglass further avers that he has no recollection of ever providing medical care to

16

Plaintiff; he was not personally involved in the medical treatment of Plaintiff; he has reviewed Plaintiff's medical chart, which confirms that Weissglass never treated Plaintiff; and he has not received a letter from Plaintiff requesting surgery for Plaintiff's left knee. [Doc. 60-2 ¶¶ 7–15.] The evidence before this Court is that Weissglass was not personally involved or involved in a supervisory role in Plaintiff's medical treatment. Although Plaintiff has submitted copies of letters he wrote to Weissglass regarding Plaintiff's medical treatment [Doc. 68-2], Plaintiff has failed to provide the Court with any evidence that Weissglass actually received the letters. On the other hand, Weissglass avers that he has not received a letter from Plaintiff. [Doc. 60-2 ¶ 15.] Accordingly, Plaintiff has failed to establish that Weissglass had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff, as required to establish supervisory liability under § 1983. Thus, the motion for summary judgment filed by Weissglass should be granted.[12]

**Motion for Summary Judgment Filed by Cannon**[13]

Cannon contends he is entitled to Eleventh Amendment Immunity in his official capacity; there is no evidence of deliberate indifference to a serious medical need of Plaintiff; there is no requirement that CCDC pay for Plaintiff's elective surgery; there is no doctrine of respondeat superior in § 1983 claims; Cannon is entitled to qualified immunity;

---

[12]Because the Court has determined that Weissglass was not personally involved or involved in a supervisory role in Plaintiff's medical treatment, the Court declines to address Weissglass's remaining arguments.

[13]CCDC and the City were included in the motion for summary judgment filed by Cannon; however, because the Court has recommended that the motion to dismiss filed by CCDC and the City be granted, the Court addresses the motion for summary judgment with respect to Cannon only.

there can be no medical malpractice by Cannon, who is not a licensed medical provider; and Plaintiff failed to exhaust his administrative remedies. [Doc. 65-1.] The Court agrees Cannon is entitled to summary judgment.

To establish a claim for denial of medical care against non-medical personnel, a prisoner must show that the non-medical personnel failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). Moreover, because most prison officials are not trained medical personnel, they are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment that the medical personnel deemed necessary and appropriate for the prisoner. *See id.* Plaintiff has made no showing that Cannon engaged in the type of conduct required by controlling case law to establish a claim of deliberate indifference to medical needs against a non-medical defendant. Accordingly, Cannon's motion for summary judgment should be granted.[14]

**Motion for Summary Judgment Filed by Plaintiff and Motion to Dismiss Filed by Huffman, Jacobs, and Page**

In his motion for summary judgment, Plaintiff argues he is entitled to summary judgment against Huffman, Jacobs, and Page based on their failure to timely respond to the Complaint. [Doc. 26.] In their motion to dismiss, Huffman, Jacobs, and Page argue

---

[14]Because the Court has determined that Plaintiff has made no showing that Cannon engaged in the type of conduct required to establish a claim of deliberate indifference to medical needs against a non-medical defendant, the Court declines to address Cannon's remaining arguments.

they should be dismissed based on insufficiency of service of process pursuant to Rule

12(b)(5) of the Federal Rules of Civil Procedure. [Doc. 32.]

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve

a defendant "within 120 days after the complaint is filed." If a defendant is not served within

that time, "the court . . . must dismiss the action without prejudice against that defendant

or order that service be made within a specified time." *Id.* "But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period."

*Id.* The United States District Court for the District of Maryland has recently acknowledged

the "continuing ambiguity as to whether Rule 4(m) provides any latitude to the district court

in granting a motion to extend time to effectuate service in the absence of good cause."

*Malibu Media, LLC v. Doe*, Civil Action No. WMN-14-3384, 2015 WL 2345547, at *2 (D. Md.

May 14, 2015). The court explained:

> The Advisory Committee Notes to Rule 4(m) provide that the
> rule "authorizes the court to relieve a plaintiff of the
> consequences of an application of this subdivision even if there
> is no good cause shown." Fed.R.Civ.P. 4(m) advisory
> committee's note. In *Mendez v. Elliott*, the Fourth Circuit held,
> without addressing this note, that "Rule 4(m) requires that if the
> complaint is not served within 120 days after it is filed, the
> complaint must be dismissed absent a showing of good
> cause." 45 F.3d 75, 78 (4th Cir. 1995). The Supreme Court,
> however, in *Henderson v. United States*, in dicta, referenced
> the Advisory Committee Notes and observed that "courts have
> been accorded discretion to enlarge the 120 day period even
> if there is no good cause shown." 517 U.S. 654, at 662 and
> 658 n.5 (1996). Most Circuits have held that a Rule 4(m)
> motion may be granted even in the absence of good cause.
>
> The Fourth Circuit, however, nominally reaffirmed its
> commitment to *Mendez*. In an unreported decision, *Chen v.
> Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th
> Cir. Nov. 12, 2013) (per curiam), the Fourth Circuit affirmed the
> trial court's determination that it lacked discretion under

19

> *Mendez* to grant an extension of time absent a showing of good cause, which Plaintiff's request lacked. *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 294 (D. Md. 2013) ("This court joins the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez.").[15] The Supreme Court granted certiorari in Chen on the question of whether a district court has discretion to extend time. — U.S. —, 135 S.Ct. 475 (Nov. 7, 2014). The plaintiff, however, failed to timely respond to the writ, and it was subsequently dismissed. — U.S. —, 135 S.Ct. 939 (Jan. 9, 2015).

*Id.* (parallel citations omitted).

Here, even assuming that good cause is required for an extension under Rule 4(m), the undersigned finds that good cause has been shown by Plaintiff. Because Plaintiff has been granted in forma pauperis status [Doc. 8], the "good cause" standard is dictated by *Greene v. Holloway*, 210 F.3d 361 (4th Cir. 2000) (unpublished table decision). In *Greene*, the Court of Appeals for the Fourth Circuit cited with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995), which held that "[a] prisoner need furnish the [United States] Marshals Service only with information necessary to identify the defendants. . . . The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to

---

[15]In other unpublished opinions, the Fourth Circuit Court of Appeals has assumed, without explicitly overruling *Mendez*, that the Court has discretion in granting a Rule 4(m) motion in the absence of good cause. *See Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010) ("The district court must extend the 120-day period if the plaintiff shows good cause for his failure to serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve."); *Giacomo-Tano v. Levine*, No. 98-2060, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 982364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) ("Although this observation [in *Henderson*] was not a holding by the Supreme Court, we regard the Court's statement as persuasive as to the meaning of Rule 4(m). Accordingly, we believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its belief to the contrary.").

complete service is automatically 'good cause' to extend time for service under Rule 4(m)." *Id.* at 713 (internal citations omitted).  In this case, Plaintiff provided the following service address for Huffman, Jacobs, and Page: 3841 Leeds Avenue, North Charleston, SC 29405. [Docs. 10 at 7–9; 29 at 7–9.]  However, Huffman, Jacobs, and Page were served at 4045 Bridge View Drive, 3rd Fl., North Charleston, SC 29405.  [Doc. 29 at 7–9.]  Accordingly, the Court finds that the Marshals Service's failure to complete service constitutes good cause to extend time for service.  Thus, the motion for summary judgment filed by Plaintiff should be denied because Huffman, Jacobs, and Page have not been properly served; the motion to dismiss by Huffman, Jacobs, and Page should be denied; and, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff should be granted additional time to properly serve these Defendants.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the motion to dismiss filed by CCDC and the City be GRANTED; the motion to dismiss filed by CCOH and the Insurance Company be GRANTED; the motion for summary judgment filed by Plaintiff be DENIED; the motion to dismiss filed by Huffman, Jacobs, and Page be DENIED; the motion for summary judgment filed by Weissglass be GRANTED; and the motion for summary judgment filed by Cannon be GRANTED.  Counsel for Huffman, Jacobs, and Page shall advise the Court in writing within the time period for filing objections to this Report and Recommendation (1) whether or not counsel will accept service of process on

21

behalf of Huffman, Jacobs, and Page or (2) if counsel cannot accept service, confirm the

address where service can be completed pursuant to Rule 4.[16]

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 23, 2015
Greenville, South Carolina

---

[16]If the District Court adopts this recommendation and counsel for Huffman, Jacobs, and Page advise the Court that they cannot accept service, the Court will issue a separate order directing the USMS to serve Huffman, Jacobs, and Page within an appropriate period of time.