UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronnie J. Vanzant, a/k/a Ronnie Joe Vanzant, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Carolina Center for Occupational Health, ) <br> Dr. Berry Weissglass, CCOH Malpractice ) <br> Insurance Company, City of Charleston, ) <br> Sheriff Al Cannon, Charleston County ) <br> Detention Center, Dr. Theodolph H. Jacobs, ) <br> P.A. Ms. Huffman, and Ms. Michelle Page, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 8:14-cv-03725-RBH <br><br><br><br><br> **ORDER** |

Plaintiff Ronnie J. Vanzant, a pretrial detainee proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the nine above named defendants alleging they violated his constitutional rights by acting in deliberate indifference to his serious medical needs. *See* Complaint, ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 95.

**Background**

**I.     Plaintiff's Complaint**

According to the allegations in his complaint, Plaintiff was involved in a work-related accident

---

[1] The Magistrate Judge conducted her review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

sometime in late February 2014 and suffered injuries to his left knee, lower back, and neck. Complaint at 5. He was transported via ambulance to a hospital, where he was X-rayed and given pain medication. *Id.*

On March 5, 2014, the City of Charleston ("the City"), a named defendant, arrested Plaintiff and placed him in custody at the Charleston County Detention Center ("CCDC"), also a named defendant. *Id.* Plaintiff immediately began complaining about the ongoing pain from his previous injuries, and he received treatment at the Carolina Center for Occupational Health ("CCOH"),[2] a named defendant that provides medical services to inmates housed at CCDC. *Id.* CCOH prescribed pain medication for Plaintiff, placing him on Neurontin and ibuprofen. *Id.* Defendant Huffman,[3] a physician assistant, submitted a request for Plaintiff to have an MRI on his left knee. *Id.* Plaintiff did not receive an MRI on his knee until May 22, 2014.

The results of the MRI showed Plaintiff had a torn meniscus in his left knee. *Id.* at 6. Huffman and defendant Michelle Page, an assistant director of nursing, informed Plaintiff that defendant Dr. Theodolph Jacobs had received the results of the MRI and determined Plaintiff needed surgery on his knee.[4] *Id.* Huffman and Page further informed Plaintiff that CCDC and CCOH were not only authorizing the surgery but also paying for it. *Id.*

Plaintiff wrote letters to defendants Dr. Berry Weissglass and Charleston County Sheriff Al Cannon requesting that they allow him to have knee surgery and that they pay for the operation. *Id.* However, Plaintiff received no response from either Dr. Weissglass or Sheriff Cannon. *Id.* On

---

[2]   Plaintiff also named CCOH's malpractice insurance company ("the Insurance Company") as a defendant. Complaint at 1.

[3]   Plaintiff did not provide Huffman's first name in his complaint.

[4]   Plaintiff's complaint indicates Huffman, Page, and Dr. Jacobs work at CCOH.

2

September 24, 2014, Plaintiff filed the current complaint pursuant to 42 U.S.C. § 1983 alleging the nine defendants violated his constitutional rights by acting in deliberate indifference to his serious medical needs.[5]  *Id.* at 2.  He sought a jury trial, monetary and punitive damages, and an order requiring the defendants to provide and pay for his knee surgery and to provide treatment for his back and neck injuries.  *Id.* at 7.

II.     **The Parties' Motions and the Magistrate Judge's Recommendations**

The defendants filed various motions in this case, and Plaintiff himself filed a motion for summary judgment.  *See* ECF Nos. 12 (motion to dismiss filed by the City and CCDC), 20 (motion to dismiss filed by CCOH and the Insurance Company), 26 (motion for summary judgment filed by Plaintiff), 32 (motion to dismiss filed by Huffman, Page, and Dr. Jacobs), 60 (motion to dismiss or for summary judgment filed by Dr. Weissglass), & 65 (motion for summary judgment filed by Sheriff Cannon, the City, and CCDC).  On June 23, 2015, the Magistrate Judge issued an R & R recommending the Court: (1) grant the motion to dismiss filed by the City and CCDC; (2) grant the motion to dismiss filed by CCOH and the Insurance Company; (3) grant the motion for summary judgment filed by Dr. Weissglass; (4) grant the motion for summary judgment filed by Sheriff Cannon; (5) deny the motion to dismiss filed by Huffman, Page, and Dr. Jacobs; and (6) deny the motion for summary judgment filed by Plaintiff.  R & R at 11-21.  The Magistrate Judge also recommended the Court find Plaintiff's claims for injunctive and/or declaratory relief moot due to Plaintiff's release from incarceration at CCDC.  *Id.* at 10-11.

---

[5]     Plaintiff also alleged violations of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*  Complaint at 4.  The Magistrate Judge includes a footnote in the R & R noting Plaintiff alleged violations of these two federal Acts but failed to specify how the defendants violated either Act.  R & R at 2.  The Magistrate Judge recommends dismissing Plaintiff's claims under both Acts for failure to state a claim.  *Id.*  Plaintiff does not object to the Magistrate Judge's recommendation.

**III.    Subsequent Events**

On June 22, 2015—the day before the Magistrate Judge issued the R & R—the Court received a notice of change of address from Plaintiff. *See* ECF No. 94. Plaintiff stated in his notice that his address was no longer at CCDC, and he provided a new address matching that of a transitional homeless shelter in Charleston, South Carolina.[6] *Id.* On July 20, 2015, the Court received another change of address notice from Plaintiff. *See* ECF No. 102. Plaintiff stated in his notice that his address was once again at CCDC.[7] *Id.* After the Court reset the deadline for filing objections to the R & R, *see* ECF No. 103, Plaintiff submitted his objections on August 3, 2015. Pl.'s Objs., ECF No. 107. The defendants filed responses to Plaintiff's objections. ECF Nos. 112 & 113.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[6]     The Magistrate Judge relied on Plaintiff's notice of change of address in making her recommended finding that Plaintiff's claims for injunctive and/or declaratory relief are moot. R & R at 3 n.7, 10-11.

[7]     According to the Charleston County Public Index and the Charleston County Sheriff's Office, Plaintiff was arrested and booked at CCDC on June 27, 2015, and he currently remains in custody at CCDC. *See* http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10102&Casenum=2015A101002770&CaseType=C (last visited Aug. 17, 2011); http://inmatesearch.charlestoncounty.org/results.aspx?LN=vanzant&FN=&BDF=&BDT=&ADF=&ADT=&IN=&SPA=False&SNDX=False#&panel1-1 (last visited Aug. 17, 2015). The Court may take judicial notice of the June 27, 2015 arrest and booking date because it is a matter of public record. *See generally Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("The Court may take judicial notice of matters of public record . . . ."), *aff'd*, 482 F. App'x 759 (4th Cir. 2012); *cf. Davis v. Richland Cnty.*, No. 4:12-CV-3429-RMG, 2013 WL 5797739, at *2 n.1 (D.S.C. Oct. 24, 2013) (taking judicial notice of a plaintiff's arrest records because they were available on the Richland County Fifth Judicial Circuit Public Index), *adopted by* 2013 WL 6068880 (D.S.C. Nov. 18, 2013).

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

The Court further notes the Magistrate Judge's R & R sets forth the correct legal standards for a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss made pursuant to Federal Rule of Civil Procedure 56, and the requirements for a cause of action under 42 U.S.C. § 1983. *See* R & R at 5-10.

## Discussion

**I.      Plaintiff's Objections Concerning the Defendants**

The Court first addresses the Magistrate Judge's recommended findings as to each defendant and Plaintiff's respective objections.

**A.      Defendants CCDC, the City, CCOH, and the Insurance Company**

The Magistrate Judge recommends granting the motions to dismiss filed by CCDC, the City, CCOH, and the Insurance Company because (a) CCDC, CCOH, and the Insurance Company are not "persons" amenable to suit under 42 U.S.C. § 1983; and (b) Plaintiff has failed to allege any facts showing the City was deliberately indifferent to his medical needs or otherwise stating a claim against

the City.  R & R at 11-13.  Plaintiff does not contest the Magistrate Judge's recommended findings regarding the Insurance Company and the City, but he does object to her findings regarding CCDC and CCOH.  Pl.'s Objs. at 3-4.

Plaintiff contends that although he does not know the names of the specific jail officials who committed the unconstitutional acts alleged in his complaint, CCDC bears liability under § 1983 because the unknown individuals "make[] decisions on behalf of (CCDC)."  *Id.*  Similarly, Plaintiff claims CCOH is liable under § 1983 for the actions of its employees.  *Id.* at 3-4.  Despite these objections, Plaintiff still fails to establish CCDC and CCOH are "persons" within the meaning of § 1983.  It remains well-settled law in this circuit that detention centers and medical facilities, such as CCDC and CCOH, cannot be sued in a section 1983 lawsuit.  *See, e.g., Preval v. Reno*, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. 2000) (unpublished table decision) ("The [district] court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983, and we affirm dismissal of the claims against the jail for that reason."); *Dudley v. Food Serv.-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007) (stating "plaintiffs seeking redress for federal constitutional violations by persons acting under color of state law (§ 1983 causes of action) may not sue inanimate buildings such as jails or detention facilities"); *Jackson v. Palmetto Baptist Hosp.*, No. 3:05-1901-CMC-BM, 2005 WL 5405815, at *3 (D.S.C. Nov. 17, 2005) (dismissing Palmetto Baptist Hospital as a defendant because it was not a person withing the meaning of § 1983), *aff'd*, 181 F. App'x 391 (4th Cir. 2006).  The Court therefore overrules Plaintiff's objections and adopts the portion of the Magistrate Judge's R & R recommending the action be dismissed as to CCDC and CCOH, as well as to the City and the Insurance Company.

**B.     Defendant Dr. Weissglass**

The Magistrate Judge recommends granting the motion for summary judgment filed by Dr. Weissglass—who, according to his affidavit, is the medical director at CCOH—because he was not involved in Plaintiff's medical treatment in either a personal or supervisory role and because there is no respondeat superior liability in a section 1983 lawsuit. R & R at 13-17; *see also* ECF No. 60-2 (Dr. Weissglass's affidavit). In objecting to the Magistrate Judge's finding, Plaintiff supplements the allegations made in his complaint, presenting many new facts not originally pled. *Compare* Complaint at 5-6, *with* Pl.'s Objs. at 4-5. Plaintiff alleges, "Dr. Weissglass is directly involved because *since the filing of [P]laintiff's complaint*, Dr. Weissglass has been to CCDC twice to medically visit [P]laintiff to discuss his medical issues." Pl.'s Objs. at 4 (emphasis added). Plaintiff describes what allegedly has occurred during Dr. Weissglass's recent visits, and he claims Dr. Weissglass "refuses to not only treat [P]laintiff, but to inform his staff to medically and adequately treat Plaintiff[']s medical condition." *Id.* at 4-5. Plaintiff further details various mental impairments from which he suffers, and claims Dr. Weissglass authorized medical personnel to terminate Plaintiff's medications, thereby causing Plaintiff to suffer seizures and other symptoms. *Id.* at 5.

The Court reiterates that it may only consider objections that direct it to *specific error* in the R & R. *See Camby*, 718 F.2d at 199-200; *Orpiano*, 687 F.2d at 47. The new allegations summarized in the previous paragraph do not challenge any part of the Magistrate Judge's R & R. Plaintiff cannot use his objections to plead new facts not alleged in his complaint. *See* 28 U.S.C. § 636(b)(1) (providing de novo review encompasses a "determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(2)-(3) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (specifying a district court has the duty "to consider all *arguments* . . . , regardless of whether they were raised before the magistrate" (emphasis

7

added)); *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . ."). Accordingly, the Court need not consider Plaintiff's objection because it does not dispute the Magistrate Judge's findings and recommendations. The Court therefore overrules Plaintiff's objection and adopts the portion of the Magistrate Judge's R & R recommending summary judgment be granted for Dr. Weissglass.

### C.    Defendant Sheriff Cannon

The Magistrate Judge recommends granting the motion for summary judgment filed by Sheriff Cannon because Plaintiff has made no showing that Sheriff Cannon engaged in the type of conduct required to establish a claim of deliberate medical indifference against a non-medical defendant. R & R at 17-18. Plaintiff argues in his objections that Sheriff Cannon knew of Plaintiff's serious medical needs but did nothing. Pl.'s Objs. at 5. Plaintiff appears to base this argument on the allegation in his complaint that he mailed Sheriff Cannon a letter but received no response, stating, "Just because [Sheriff Cannon] didn't respond to [P]laintiff's letters and grievances doesn't mean he did not see or read them." *Id.* at 5; *see* Complaint at 6.

The Court agrees with the Magistrate Judge that Sheriff Cannon is entitled to summary judgment. Although Plaintiff alleges he sent Sheriff Cannon a letter asking him to authorize Plaintiff's knee surgery, *see* Complaint at 6, Plaintiff has presented no evidence showing Sheriff Cannon acted with deliberate indifference toward his medical needs. As the Magistrate Judge stated, a plaintiff cannot maintain a claim of deliberate medical indifference against a non-medical defendant (here, Sheriff Cannon) unless the plaintiff shows the non-medical official (1) failed to provide the incarcerated plaintiff with prompt medical care, (2) deliberately interfered with the jail physician's performance, or

(3) implicitly authorized or was indifferent to the jail physician's unconstitutional performance. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). In this case, the evidence[8] on file with the Court simply does not show that Sheriff Cannon was personally involved in denying Plaintiff medical treatment, that Sheriff Cannon interfered with the treatment provided by CCDC's health care providers, or that Sheriff Cannon implicitly authorized the health care providers to provide unconstitutional treatment that was "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 851. For these reasons, the Court concludes there is no genuine issue of material fact, and therefore Sheriff Cannon is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) (providing a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). The Court therefore overrules Plaintiff's objection and adopts the portion of the Magistrate Judge's R & R recommending summary judgment be granted for Sheriff Cannon.

### D.    Defendants Huffman, Page, and Dr. Jacobs

Plaintiff filed a motion for summary judgment against Huffman, Page, and Dr. Jacobs, asserting summary judgment was proper because they were served but failed to file a responsive pleading or

---

[8] The Court has thoroughly reviewed the exhibits submitted by Sheriff Cannon in support of his motion for summary judgment, as well as the exhibits submitted by Plaintiff in support of his response opposing Sheriff Cannon's motion. *See* ECF Nos. 65, 71, & 79. Sheriff Cannon's exhibits include: arrest warrants and supporting affidavits for Plaintiff's arrest, Plaintiff's comprehensive medical records from CCDC (which detail his more than seventy-five visits to medical providers while in custody at CCDC), CCDC's healthcare policy for inmates, and a grievance Plaintiff filed with CCDC. *See* ECF Nos. 65-3, 65-4, 65-5, 65-6, 65-7, 65-8, 65-9, 65-10, 65-11, 65-12, 65-13, 71-1, 71-2, 71-3, 71-4, 71-5, 71-6, 71-7, 71-8, 71-9, & 71-10. Plaintiff's exhibits include: his letters to Sheriff Cannon and Dr. Weissglass, a complaint he filed with the South Carolina Department of Labor, Licensing and Regulation, a claim he filed with the South Carolina Workers' Compensation Commission, a grievance he filed with CCDC, and an affidavit sworn by his cell mate Donald Coats. *See* ECF Nos. 79-1.

otherwise defend the action asserted against them.[9]  *See* ECF No. 26.  Thereafter, Huffman, Page, and Dr. Jacobs moved to dismiss, under Rule 12(b)(5) of the Federal Rules of Civil Procedure, for insufficient service of process by Plaintiff.  *See* ECF No. 32.  The Magistrate Judge recommends the Court deny the motion to dismiss because Plaintiff has shown good cause to extend the time for service of process.  R & R at 18-21.  The Magistrate Judge further recommends the Court deny Plaintiff's motion for summary judgment because Huffman, Page, and Dr. Jacobs were not properly served.  *Id.* at 21.  Plaintiff objects to the Magistrate Judge's recommendations, arguing the three defendants "should not be given a second chance to respond" and asserting the Court should grant Plaintiff's motion for summary judgment.  Pl.'s Objs. at 5.

The Court agrees with the Magistrate Judge's conclusion that good cause exists to extend the time for service of process.  In reaching this conclusion, the Magistrate Judge cited *Greene v. Holloway*, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000) (unpublished table decision), in which the Fourth Circuit held that if an incarcerated plaintiff proceeds in forma pauperis and provides the United States Marshals Service adequate information to identify the defendant, but the Marshals Service fails to complete service, good cause exists under Rule 4(m) of the Federal Rules of Civil Procedure for extending the time for service.  R & R at 20-21; *see* Fed. R. Civ. P. 4(m) (stating that if a defendant is not served within 120 days after the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," but specifying

---

[9]     Although Plaintiff captions his motion as one for summary judgment, *see* ECF No. 26 at 1, the Court construes it as a motion seeking entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(b)(2) (providing a district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear); *see generally Gordon*, 574 F.2d at 1151 (stating courts have a duty to liberally construe the pleading of a pro se litigant); *Ray v. Simon*, No. CIVA 4:07-1143TLWTER, 2008 WL 5412067, at *7 (D.S.C. Dec. 24, 2008) ("Generally, the entry of default and default judgment is disfavored because it prevents a plaintiff's claims from being decided on the merits. . . . Accordingly, entry of judgment by default is a drastic remedy which should be used only in extreme situations."), *aff'd*, 330 F. App'x 424 (4th Cir. 2009).

the court must extend the time for service upon a showing of good cause by the plaintiff). As the Magistrate Judge explains in detail, Plaintiff, proceeding in forma pauperis, issued summonses containing the address for Huffman, Page, and Dr. Jacobs, but the Marshals Service served these defendants at a different address. *Compare* ECF No. 10 at 7-9 (Plaintiff's summonses listing the address for Huffman, Page, and Dr. Jacobs at 3841 Leeds Avenue, North Charleston, SC 29405), *with* ECF No. 29 at 7-9 (completed process receipts and returns signed by a United States Marshal showing process was served for Huffman, Page, and Dr. Jacobs by giving the summonses and complaint to Johanna Gardener at 4045 Bridge View Drive, 3rd Floor, North Charleston, SC 29405). In light of these facts, the Court finds good cause exists to extend the time for service and to not dismiss Plaintiff's complaint as to Huffman, Page, and Dr. Jacobs.[10] The Court therefore overrules Plaintiff's objection and adopts the portion of the Magistrate Judge's R & R recommending that Huffman, Page, and Dr. Jacobs's motion to dismiss be denied. Furthermore, the Court overrules Plaintiff's objection requesting the Court to grant his motion for summary judgment.

## II.    Plaintiff's Objection Concerning His Motion to Amend

Plaintiff also argues the Magistrate Judge erred in denying his motion to amend the complaint. Pl.'s Objs. at 1-3. Plaintiff asserts that had the Magistrate Judge permitted him to amend his complaint, the "Report and Recommendation would not be so harsh against [P]laintiff." Pl.'s Objs. at 3. Plaintiff also uses his objections to present several proposed amendments. *Id.* at 2-3.

---

[10]    The Magistrate Judge ordered counsel for Huffman, Page, and Dr. Jacobs to advise the Court in writing within the time period for filing objections to the R & R (1) whether counsel could accept service of process for the three defendants; or (2) if counsel could not accept service, to confirm the address where the Marshals Service could complete service. R & R at 21-22. Following the issuance of the R & R, counsel for Huffman, Page, and Dr. Jacobs filed a notice of acceptance of service of Plaintiff's complaint; based on counsel's notice, no additional service is necessary by the Marshals Service. *See* ECF No. 98. The Court further notes Huffman, Page, and Dr. Jacobs filed an answer and a motion to dismiss or for summary judgment, which is pending before the Magistrate Judge. *See* ECF Nos. 99 & 109.

11

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and issue orders on nondispositive pretrial matters. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). A motion to amend qualifies a nondispositive pretrial matter.[11] *Weber v. Jones*, No. CA 8:12-3349-TMC, 2014 WL 1094418, at *2 (D.S.C. Mar. 18, 2014). Upon a *timely objection* to the magistrate judge's order on a nondispositive pretrial matter, a district court must conduct its review of a magistrate judge's order pursuant to the "clearly erroneous" or "contrary to law" standard of review set forth in 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 72(a). Rule 72(a) implements section 636(b)(1)(A) and provides,

> A party may serve and file objections to the [magistrate judge's] order *within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.* The district judge in the case must consider *timely objections* and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a) (emphases added). "[A] party who fails to comply with Rule 72(a) waives his right to appeal a magistrate's order." *Nevin v. Freedman*, 202 F.3d 259, 1999 WL 1267351, at *3 n.* (4th Cir. 1999) (unpublished table decision).

The docket shows Plaintiff filed a motion to amend on January 5, 2015, and the Magistrate Judge denied it in a text order on February 27, 2015.[12] ECF Nos. 36 & 57. The Magistrate Judge stated in her order that "Plaintiff failed to file a copy of his proposed amended complaint. Accordingly, the

---

[11] "A motion to amend is not 'dispositive' of a party's claim or defense, because it does not adjudicate or otherwise dispose of any pending claim or defense but instead merely prevents different and/or additional claims or defenses from being asserted." *Weber*, 2014 WL 1094418, at *2 (citing *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 783 (E.D.N.C. 2011) ("The courts of appeal that have addressed the issue have concluded that a motion to amend a complaint is a pretrial matter not dispositive of a claim or defense of a party within the purview of Fed. R. Civ. P. 72(a). Other district courts within the Fourth Circuit have reached the same conclusion." (internal quotation marks and citations omitted))). "Accordingly, a motion for leave to amend may be submitted to a magistrate judge for decision under Rule 72(a), and an order ruling on such a motion is reviewed only for clear error." *Id.*

[12] The Clerk mailed Plaintiff a copy of the Magistrate Judge's order on February 27, 2015. ECF No. 59.

12

Court and Defendants are left to guess exactly what claims Plaintiff is proposing to add.  As such, Plaintiff's Motion to amend/correct Complaint is denied."  ECF No. 57.  Plaintiff never filed any objections to the Magistrate Judge's February 27 order.  Consequently, Plaintiff cannot now object to the Magistrate Judge's order.[13]  *See* Fed. R. Civ. P. 72(a) (requiring a party to serve and file objections to the magistrate judge's order on a nondispositive pretrial matter within fourteen days of receiving a copy of the order, and specifying "[a] party *may not assign as error a defect in the order not timely objected to*" (emphasis added)); *Fox v. Gonzales*, No. CA 008-CV-2431-GRA, 2010 WL 412550, at *3 (D.S.C. Jan. 27, 2010) (applying Rule 72(a) and finding that because the plaintiff failed to timely object to a magistrate judge's order on a nondispositive matter, he waived his right to any further judicial review of the order).  The Court therefore overrules Plaintiff's objection challenging the Magistrate Judge's order denying his motion to amend.

### III.    Plaintiff's Objection Concerning Injunctive and/or Declaratory Relief

Plaintiff's remaining objection concerns his request for injunctive and/or declaratory relief.  Pl.'s Objs. at 3.  As summarized in the "Background" section above, the day before the Magistrate Judge issued the R & R, Plaintiff filed a notice of change of address indicating he had been released from CCDC.  ECF No. 94.  Based on Plaintiff's release, the Magistrate Judge recommended the Court find Plaintiff's claims for injunctive and/or declaratory relief were moot because he was no longer incarcerated.  R & R at 10-11.  Subsequent to the filing of the R & R, Plaintiff was rearrested and again booked at CCDC, where he currently remains in custody.  *See* ECF No. 102; Charleston Cty. Pub.

---

[13]    Although Plaintiff currently objects to the Magistrate Judge's order denying his motion to amend, he filed his objections on August 3, 2015, a date well outside the fourteen-day period prescribed by Rule 72(a).  ECF No. 107.  Moreover, to the extent Plaintiff presents several proposed amendments in his objections, he cannot use his objections to plead new facts not alleged in the original complaint.  *See* 28 U.S.C. § 636(b)(1) (providing de novo review encompasses a "determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(2)-(3) (same).

Index, *supra* note 7; Booking Results, Charleston Cty. Sheriff's Office, *supra* note 7.

In his objections, Plaintiff argues his claims for injunctive and/or declaratory relief are not moot because he "is still incarcerated at the same place of confinement[,] . . . needs all his medications, specifically adequate pain medications for his knee, back and neck injuries[,] and . . . needs the surg[e]ry on his knee . . . ." Pl.'s Objs. at 3. The Court finds this objection is moot as to all defendants except Huffman, Page, and Dr. Jacobs. Specifically, the objection is moot as to the City, CCDC, CCOH, the Insurance Company, Dr. Weissglass, and Sheriff Cannon because the Court is granting these defendants' motions. As to Huffman, Page, and Dr. Jacobs, however, the objection is not moot because the Court is denying these defendants' motion to dismiss. Nevertheless, because the three defendants have a motion to dismiss or for summary judgment pending before the Magistrate Judge, *see* ECF No. 109, the Court overrules Plaintiff's objection as premature.

## **Conclusion**

The Court has conducted a thorough review of the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, and the applicable law. For the reasons stated in this order and in the R & R, the Court overrules Plaintiff's objections, finds no error in the Magistrate Judge's R & R, and adopts and incorporates by reference the R & R [ECF No. 95].

The Court therefore **ORDERS** that:

(1) the motion to dismiss [ECF No. 12] filed by the City and CCDC is **GRANTED**;

(2) the motion to dismiss [ECF No. 20] filed by CCOH and the Insurance Company is **GRANTED**;

(3) the motion for summary judgment [ECF No. 60] filed by Dr. Weissglass is **GRANTED**;

(4) the motion for summary judgment [ECF No. 65] filed by Sheriff Cannon is **GRANTED**;

(5)    the motion to dismiss [ECF No. 32] filed by Huffman, Page, and Dr. Jacobs is **DENIED**;

and

(6)    the motion for summary judgment [ECF No. 26] filed by Plaintiff is **DENIED**.

**IT IS SO ORDERED.**


Florence, South Carolina                                                s/ R. Bryan Harwell
August 25, 2015                                                         R. Bryan Harwell
                                                                        United States District Judge