UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronnie J. Vanzant, a/k/a Ronnie Joe Vanzant,         )<br>                                                                      )<br>         Plaintiff,                                                )<br>                                                                      )<br>v.                                                                    )<br>                                                                      )<br>Dr. Theodolph H. Jacobs, P.A. Ms.              )<br>Huffman, and Ms. Michelle Page,                 )<br>                                                                      )<br>         Defendants.                                         )<br>_____) | Civil Action No.: 8:14-cv-03725-RBH<br><br><br><br>**ORDER** |

Plaintiff Ronnie J. Vanzant, a pretrial detainee proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the above named Defendants alleging they violated his constitutional rights by acting in deliberate indifference to his serious medical needs. *See* ECF No. 1. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. *See* ECF No. 109. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1]  *See* R & R, ECF No. 127. The Magistrate Judge recommends the Court grant summary judgment in favor of Defendants. R & R at 16.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 127] of the Magistrate Judge. It is therefore **ORDERED** that Defendants' motion to dismiss or, in the alternative, for summary judgment [ECF No. 109] is **GRANTED** and that this case is **DISMISSED WITH PREJUDICE.** The Court directs the Clerk to **CLOSE** this case.

**IT IS SO ORDERED.**

Florence, South Carolina  
February 23, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge